February 27, 2012


The Honorable Richard Peña Raymond
Chair, Committee on Human Services
Texas House of Representatives
Post Office Box 2910
Austin, Texas   78768-2910

Opinion No.  GA-0912

Re:  Whether a justice of the peace may adjudicate truancy cases where an interlocal agreement between the county and the school district provides that a school attendance officer will serve as juvenile court coordinator   (RQ-0994-GA)


Dear Representative Raymond:

You ask whether a justice of the peace may adjudicate truancy cases where there exists an interlocal agreement between the county and the school district that provides that a school attendance officer will serve as a juvenile court coordinator.[1]

You indicate that the Laredo Independent School District (the "District") has entered into an interlocal agreement with Webb County (the "County") whereby school attendance officers employed by the District would simultaneously serve as "juvenile court coordinators" in the justice of the peace courts in which the District files its truancy cases. Request Letter at 1.  According to the interlocal agreement, signed by the County Judge and the District superintendent, the juvenile court coordinators will file truancy cases on behalf of the District and will also assist the justice of the peace with truancy cases.  *Id.* at 2.  The agreement further states that the juvenile court coordinators will be employees of the District, not employees of the County, and that their compensation will be shared equally by the District and the County.  *Id.*

You first ask whether a juvenile court coordinator is an "officer of the juvenile court of the county." This question is apparently prompted by a provision of the Education Code that declares:

> (a)  An attendance officer may be compensated from the funds of the county, independent school district, or open-enrollment charter school, as applicable.

---

[1]Letter from Honorable Richard Peña Raymond, Chair, House Committee on Human Services, to Honorable Greg Abbott, Attorney General of Texas (Sept. 15, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

> (b)  *An attendance officer may be the probation officer or an officer of the juvenile court of the county.*

TEX. EDUC. CODE ANN. § 25.089 (West 2006) (emphasis added). We have found no authority that indicates the meaning of the term "officer of the juvenile court." However, we need not address that question. Subsection (b) of section 25.089 does not *require* that an attendance officer must be either a probation officer or an officer of the juvenile court. The word "'may' creates discretionary authority or grants permission or a power." TEX. GOV'T CODE ANN. § 311.016 (West 2005); *see also Dallas Cnty. Cmty. Coll. Dist. v. Bolton*, 185 S.W.3d 868, 874 (Tex. 2005) (the word "may" should be given its permissive meaning). Thus, subsection 25.089(b) does not preclude persons other than those named therein from serving as an attendance officer.

You also suggest that the relationship between the justice of the peace and the attendance officer, in which the attendance officer serves as a "coordinator" for the court, might implicate the Code of Judicial Conduct. Because the "State Commission on Judicial Conduct is responsible in the first instance for applying the judicial canons to specific judicial conduct," this office does not address such questions. *See* Tex. Att'y Gen. Op. No. GA-0651 (2008) at 6.[2] Moreover, an evaluation of this relationship will necessarily involve a factual inquiry, which this office will not undertake.

We conclude that, although no statute prohibits an interlocal agreement between a school district and a county whereby attendance officers employed by the district would simultaneously serve as juvenile court coordinators in the justice of the peace courts, questions about the propriety of such an arrangement should be addressed by the State Commission on Judicial Conduct.

---

[2]A brief suggests that the relationship between the justice of the peace and the school attendance officer is prohibited by Rule 18b of the Texas Rules of Civil Procedure. Brief from Lisa Graybill, ACLU of Texas (Oct. 24, 2011) at 3–4. That rule requires a judge to "recuse himself in any proceeding in which," *inter alia*, "his impartiality might reasonably be questioned." TEX. R. CIV. P. 18b. It is well established that, in the absence of a clear showing to the contrary, an appellate court presumes that a trial court is neutral and detached. "The determination of whether recusal is necessary must be made on a case-by-case fact-intensive basis." *Abdygapparova v. State*, 243 S.W.3d 191, 198 (Tex. App.—San Antonio 2008, pet. ref'd). This office does not resolve questions of fact. *See* Tex. Att'y Gen. Op. No. GA-0637 (2008) at 5 (stating that the investigation and resolution of facts are outside the scope of the opinion process).

### S U M M A R Y

No statute prohibits an interlocal agreement between a school district and a county whereby attendance officers employed by the district would simultaneously serve as juvenile court coordinators in the justice of the peace courts. Questions about the propriety of such an arrangement should be addressed to the State Commission on Judicial Conduct.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee